IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DOROTHY SMITH,
    Petitioner,

v.                                    Case No. 5:25cv18/MW/MAL

WARDEN GABBY,
    Respondent.
                              /

## REPORT AND RECOMMENDATION

Petitioner Dorothy Smith initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 2. She claimed to be eligible for placement in pre-release custody on or before July 10, 2025, if not as early as May 10, 2025. *Id.* at 7. A review of the FSA Time Credit Assessment attached to her petition shows that her FSA conditional placement date is February 5, 2026. *Id.* at 11. If credited with 210 days of credit under the Second Chance Act, her Conditional Transfer to Community Date would be July 10, 2025, the date on which she sought transfer. *Id.* Designation to prerelease custody under the Conditional Transfer to Community Date is, of course, subject to consideration of various factors, including "the resources of the facility contemplated." 18 U.S.C. § 3621(b)(1).

Finding the petition to be in proper form, on February 6, 2025, the undersigned entered an order directing Petitioner to provide two service copies of her § 2241

Page 1 of 5

petition or submit $16.00 for the clerk of court to make the copies for her. ECF No. 5. Petitioner was instructed to comply by March 11, 2025, and she was warned that failure to timely comply with an order of the court would result in a recommendation that this case be dismissed. She was also notified of her duty to immediately file a notice with the Court in the event of a change of address, transfer or release from custody and that not doing so could also result in dismissal of her case. *Id.* at 2.

Having received no response from Petitioner, on March 20, 2025, the Court issued an order directing Petitioner to show cause, in writing, by April 3, 2025, why this case should not be dismissed due to her failure to comply with the Court's order regarding the provision of service copies. ECF No. 6. She was again warned that failure to timely respond to the Court's order would result in a recommendation of dismissal of this case. Notwithstanding this admonition, Petitioner still has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including

dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Additionally, the petition is likely moot. On March 20, when the Court issued the Order to Show Cause, Petitioner was in custody at FCI Marianna with a projected release date of July 10, 2026. ECF No. 6 at 1, n.1. It appears that Petitioner has since been transferred to the supervision of the Residential Reentry Management Office in Dallas, Texas with a new projected release date of June 25, 2026. *See* https://www.bop.gov/inmateloc/. Her transfer, which was effectuated even before the date on her FSA Time Credit Assessment and which was the relief sought in her petition, calls into question the continued viability of her petition because "there is nothing left for [the court] to remedy." *Soliman v. United States*, 296 F.3d 1237, 1243 (11th Cir. 2002) (quoting *Spencer v. Kemna*, 523 U.S. 1, 18 (1998)); *see also, Singleton v. Neely*, No. 7:22-cv-844, 2023 WL 9550049 (N.D. Ala. Dec. 21, 2023) (finding moot a petition requesting immediate transfer to RRC or home confinement because the petitioner had already received the relief sought), report and recommendation adopted, 2024 WL 476949 (N.D. Ala. Feb. 7, 2024).

The only address provided for Dallas RRM on the BOP website is for Staff mail. *See* https://www.bop.gov/locations/ccm/csa/. Petitioner has not filed a notice

of change of address with this Court, despite having been warned that failure to do so could result in a recommendation of dismissal of her case. *See* ECF No. 5 at 2. The Court will direct the clerk to mail this recommendation to Petitioner at her address of record and the address for Staff mail at Dallas RRM.

Accordingly, it is ORDERED:

The Clerk shall send a copy of this recommendation to Petitioner at her address of record and to her in care of RRM Dallas, Residential Reentry Office, US Armed Forces Reserve Complex, 344 Marine Forces Dr., Grand Prairie, TX 75051.

And, it is respectfully RECOMMENDED:

1. Petitioner's petition under 28 U.S.C. § 2241, ECF No. 2, be **DISMISSED** without prejudice for her failure to comply with an order of the Court, or alternatively as moot.

2. The clerk be directed to close the case file.

DONE on April 17, 2025.

                                           s/ *Midori A. Lowry*
                                           Midori A. Lowry
                                           United States Magistrate Judge

## **NOTICE TO THE PARTIES**

The case was referred to me for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.